IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ADAN BUSTOS-BARRON,<br>Institutional ID No. 55636-177 | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:25-CV-00073-BU |
| WARDEN, FCI BIG SPRING, | § § | |
| Defendant. | § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Adan Bustos-Barron, an inmate at the Bureau of Prisons (BOP) FCI Big Spring, brings this action against Warden C. Humphrey,[1] alleging that he violated his constitutional rights. Bustos-Barron's claims are subject to judicial screening under 28 U.S.C. § 1915A because Bustos-Barron brings suit against government officials, *see* Dkt. No. 7. For the reasons below, the Court DISMISS Bustos-Barron's claim with prejudice as legally frivolous.

### I. JURISDICTION

Bustos-Barron brings his claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,[2] providing the Court with subject-matter jurisdiction under

---

[1] While identified as "Warden, FCI Big Spring" on the docket and in the transfer order, *see* Dkt. No. 2, Bustos-Barron names the defendant as C. Humphrey in his Amended Complaint. Dkt. No. 7 at 1, 3. **The Clerk is directed to conform the docket to reflect this change.**
[2] *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (finding that claim seeking participation in Elderly Offender Program under involved "[Plaintiff's] conditions of confinement and [was] more properly brought as a *Bivens* action").

1

28 U.S.C. § 1331. Dkt. No. 7. Venue is proper in the Northern District of Texas, Abilene Division, because Bustos-Barron's claims arise from his incarceration at FCI Big Spring located in Howard County, Texas. 28 U.S.C. § 1391(b)(2). The undersigned has the authority to enter these Findings, Conclusions, and Recommendations after United States District Court Judge James Wesley Hendrix transferred Bustos-Barron's case to the undersigned for preliminary screening. Dkt. No. 9; 28 U.S.C. § 636(c)(1). Bustos-Barron has not consented to the undersigned exercising the full jurisdiction of this Court.

## II.  FACTUAL BACKGROUND

For purposes of screening a plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A, a court must accept well-pleaded factual allegations as true and construe them in a way that most favor the plaintiff. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). A court may look to the plaintiff's allegations in their complaint, responses to a questionnaire, authenticated prison or jail records, and testimony provided at a *Spears* hearing. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999); *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may consider authenticated medical and prison records).

Bustos-Barron is an inmate who is sixty-five years old and serving a sentence for conspiracy to possess with intent to distribute a controlled substance. Dkt. No. 14 at 1. He began serving his one-hundred and eighty-eight (188) month sentence in April 13, 2017; his time in prison will be followed by five years of supervised release. *Id.* at 2.

Through his Complaint, Bustos-Barron seeks enrollment in the Elderly Offender Program (EOP) and an "opportunity to served [sic] two third as elderly offender as equal

as anyone else." Dkt. No. 7 at 4.[3] When asked whether he had been convicted of any of-fenses that would disqualify him from participating, such as a crime of violence, sex of-fense, act of terror, or act of espionage, he indicated that he had not. Dkt. No. 14 at 2. He also indicates that he had never escaped or attempted to escape from a BOP facility. *Id.*

When asked if he had requested permission to participate in the EOP, and if so what response he received, Bustos-Barron simply replied "none." Dkt. No. 14 at 3. He alleges that he has "served more than 50 percent of the sentence imposed," along with "good con-duct, adjustment and rehabilitation." *Id.* He has participated in several courses and work programs, and seeks "the same opportunity as equal right as someone else" to participate in the EOP. *Id.* However, he did not allege any discriminatory rejection from the EOP when asked to describe discriminatory conduct. *See id.* at 4. Instead, Bustos-Barron notes that he has "strived to do positive things to better [himself]" during his incarceration, has spent time on self-reflection, is "ashamed" and "very sorry for [his] selfish actions," and is com-mitted to "lead[ing] a crime-free life" upon release. *Id.*

### III.  THE PARTIES

Bustos-Barron names Warden C. Humphrey as the sole defendant in this civil action. Dkt. No. 7 at 1, 3. The prison warden is a proper defendant for a suit seeking enrollment in the EOP. *See, e.g.*, *Melot v. Bergami*, 970 F.3d 596 (5th Cir. 2020) (naming "Prison Warden Thomas Bergami" as the defendant).

---

[3] This request was initially filed on December 2, 2024, as a "Motion for Elderly Release . . . Pursuant [to] 18 U.S.C. 3624(c)(2)" in his original criminal case; the motion was then severed into a separate civil action and transferred to this Court. *See* Dkt. Nos. 145–46 in *USA v. Bustos-Barron et al.*, Civil Action No. 3:17-CR-00237-B (N.D. Tex. Dec. 4, 2019).

## IV.  LEGAL STANDARDS

A court must dismiss a complaint filed *in forma pauperis* or filed by a prisoner against a government entity or employee if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*).

A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly, it lacks an arguable basis in law if it contains indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Dismissal for failure to state a claim—whether under Section 1915(e)(2)(B)(ii), Section 1915A(b)(1), or Rule 12(b)(6)—"turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam)). Thus, if a plaintiff "plead[s] facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief, the claims should not be dismissed merely because the plaintiff fails to articulate the proper legal theory that otherwise makes those facts actionable in court. *Johnson*, 574 U.S. at 11–12 (citing Fed. R. Civ. P. 8(a)(2)–(3), (d)(1), (e)).

Courts accept *well-pleaded* factual allegations as true. *Chhim v. Univ. of Tex. at*

4

*Austin*, 836 F.3d 467, 469 (5th Cir. 2016). This means the factual allegations, while not required to be detailed, must amount to more than mere labels, conclusions, or a statement of the legal elements of a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Chhim*, 836 F.3d at 469.

For claims to be substantively plausible, a plaintiff need not establish that the pleaded facts probably occurred as alleged, but the facts must allow the court "to infer more than the mere possibility of misconduct." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678–679). Even pro se plaintiffs must plead facts that raise the right to relief above a speculative level. *Chhim*, 836 F.3d at 469 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). And when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

When evaluating a complaint under these standards, courts liberally construe the pleadings of pro se plaintiffs, holding their complaints to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett*

*v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Ultimately, "'[d]etermining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 679).

## V.  ANALYSIS

Before the undersigned is Bustos-Barron's request for enrollment in the EOP. In a section titled "Elderly and Family Reunification for Certain Nonviolent Offenders Pilot Program," the Attorney General is given discretion to "release some or all eligible elderly offenders ... from [BOP] facilities to home detention, upon written request from either the [BOP] or an eligible elderly offender." 34 U.S.C. § 60541(g)(1)(B). The statute further defines the conditions an elderly offender must meet to be eligible for home detention, as well as laying out various disqualifying offenses.[4] The Attorney General was appropriated funds to carry out the section for the fiscal years 2019 through 2023. § 60541(h).

The Fifth Circuit has contemplated that when a prisoner challenges the denial of an EOP enrollment request, the claim "involves [the prisoner's] conditions of confinement," and thus should be evaluated as a *Bivens* action rather than a habeas petition. *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020). It appears to the undersigned that such a claim

---

[4] Eligible offenders must (1) be at least "60 years of age," (2) be serving less than a life sentence, and (3) served at least two-thirds of their term of imprisonment. 34 U.S.C. § 60541(g)(5)(A). The offender is ineligible if they have (4) been convicted of certain offenses, including crimes of violence, sex offenses, or acts of terror or espionage under Title 18, or if they have (5) escaped, or attempted to escape, from a BOP facility. *Id.* Lastly, an offender is eligible only if the BOP determines that (6) home detention would substantially reduce costs for the federal government, and that (7) the offender would not pose a substantial risk of criminal conduct or endangering a person or the public. *Id.*

would arise within a new context, and thus not be cognizable under *Bivens*.[5] But a *Bivens* analysis is ultimately unnecessary; while Bustos-Barron requests that he have the same opportunity to participate in the EOP "as equal as anyone else," Dkt. No. 7 at 4, he does not allege that C. Humphrey has denied his application to participate. Indeed, it appears that Bustos-Barron has not submitted a written request for enrollment in the EOP.[6]

Instead, as noted in the factual section above, Bustos-Barron submitted his request for EOP participation via a motion in his criminal case.[7] Courts cannot mandate that an inmate be enrolled in the EOP, as this decision is left solely to the discretion of the Attorney General. *Melot*, 970 F.3d at 599–600 ("'[T]he *Attorney General may release some or all eligible elderly offenders* ... from [BOP] facilities to home detention.' . . . The statute does not give authority to the federal courts to place an offender in the Program.") (quoting 34 U.S.C. § 60541(g)(1)(B)).

This does not mean that inmates who have been denied EOP enrollment are entirely without judicial relief. An inmate could bring a federal lawsuit disputing the Attorney General or BOP's interpretation of the EOP. *Melot*, 970 F.3d at 600. Arguably, such an inmate could also bring a discrimination action based on the Attorney General's discretion in

---

[5] The Supreme Court has recognized that an implied cause of action for damages under the Constitution exists in three instances—when federal officers violate (1) the Fourth Amendment's prohibition against unreasonable search and seizures, (2) the Fifth Amendment's Due Process prohibition of gender discrimination, or (3) the Eighth Amendment's obligation to provide adequate medical treatment to convicted prisoners. *Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017).
Bustos-Barron's claim does not fall under any of these legal claims. And expansion of *Bivens* remedies "is now considered a disfavored judicial activity," and the courts have consistently refused to extend *Bivens* to any new context or category of defendants. *Butler v. Porter*, 999 F.3d 287, 293 (5th Cir. 2021).
[6] *See* Dkt. No. 14 at 3 (responding "none" when asked if he had requested to participate in the EOP, or what response he received).
[7] *See* Dkt. No. 145 in *USA v. Bustos-Barron et al.*, Civil Action No. 3:17-CR-00237-B (N.D. Tex. Dec. 4, 2019).

granting EOP applications; Bustos-Barron's request for an opportunity for enrollment "as equal as anyone else" could be liberally construed as raising such a claim. Dkt. No. 7 at 4. But when asked to substantiate either a statutory interpretation or discrimination claim in his Questionnaire response, he failed to do so. Dkt. No. 14 at 4. And the EOP had expired even before Bustos-Barron's motion in December 2024, rendering his claim for relief legally baseless regardless.[8]

In conclusion, Bustos-Barron fails to assert that his request for EOP enrollment was denied, a necessary predicate for even a theoretical *Bivens* claim. Even assuming that he was denied, this Court lacks the authority to compel the Attorney General to enroll particular offenders, and the Attorney General himself lacked authorization under the statute to enroll Bustos-Barron regardless. For these reasons, the undersigned concludes that Bustos-Barron's request for EOP enrollment is founded on indisputably meritless legal theories.

## VI. LEAVE TO AMEND

Still, there is the issue of whether the Court must give Bustos-Barron leave to amend his complaint. Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Leave to amend is not required, however, where an amendment would be futile, in other words, the amended complaint would still fail to state a claim, *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014), or where a plaintiff has already

---

[8] Authorization for the EOP was limited to the "fiscal years 2019 through 2023." 34 U.S.C. § 60541(h). The undersigned takes judicial notice of the fact that Fiscal Year 2023 for the federal government ended on September 30, 2023. This predates Bustos-Barron's request for enrollment on December 2, 2024, by more than a year. Dkt. No. 3.

received an opportunity to amend his or her claims, *Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007).

Here, the undersigned concludes that leave to amend would be futile. As discussed above, Bustos-Barron's claim is legally meritless; the fact remains that neither the Court nor the Attorney General has the authority to grant the relief he seeks. Bustos-Barron has also been given leave to file an Amended Complaint, Dkt. No. 7, and to supplement said Complaint with his Questionnaire responses. Dkt. No. 14. His responses to the undersigned's questions failed to indicate that his claim has any legal merit; further leave to amend should not be granted.

## VII.  CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DENY Bustos-Barron's Motion for Elderly Release, and DISMISS his claim against Warden C. Humphrey with prejudice as legally frivolous.

## VIII.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IX. TRANSFER OF CASE

Having completed the preliminary screening of Bustos-Barron's claims, the undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:25-CV-00073-H.

ORDERED this 1st day of June 2026.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE