UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ADAN BUSTOS-BARRON,
Institutional ID No. 55636-177

                Plaintiff,

v.                                                                              No.  1:25-CV-00073-H

C. HUMPHREY,

                Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made thorough findings, conclusions, and a recommendation (FCR) that this Court dismiss with prejudice all of Plaintiff's claims.  Dkt. No. 17.  Plaintiff filed a brief objection and a request for a refund of his filing fee, asserting only that the Magistrate Judge "committed legal error on the law and abuse his discretion, resulting in violation of the Defendant[1] Fifth Amendment right to due process," and that he "improperly evaluated the Plaintiff credibility [all sic]."  Dkt. No. 18.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).  In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error.

The Court finds that Plaintiff's generalized objection does not identify the specific finding or recommendation to which the objection was made, state a basis for the objection,

---

[1] The Court presumes that Plaintiff meant to state that his Fifth Amendment rights were violated, and not Defendant Humphrey's."

and specify the place in the FCR where the disputed determination was made. *See* Dkt. No. 17 at 9. Consequently, the Court overrules Plaintiff's objection and finds that de novo review of the FCR is not required. The Court has examined the record and reviewed the FCR for plain error and, finding none, expressly accepts and adopts the Magistrate Judge's findings, conclusions, and recommendation.

The Court therefore orders that Plaintiff's complaint and all claims alleged within it are dismissed with prejudice for failure to state a claim under 28 U.S.C. §§ 1915, 1915A.

This dismissal will count as a qualifying dismissal, or "strike," under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996). *See Lomax v. Ortiz-Marquez*, 590 U.S.___, 140 S. Ct. 1721 (2020). Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

All relief not expressly granted is denied, and any pending motions are denied. Specifically, Plaintiff's motion requesting a refund of his filing fee, Dkt. No. 18, is denied because the obligation to pay the filing fee attaches at the time of filing, and the obligation remains despite the disposition of the case. *See Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000); *Williams v. Roberts*, 116 F.3d 1126, 1127 (5th Cir. 1997).

Plaintiff is advised that if he appeals this order, he will be required to pay the appeal fee of $605.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month certificate of inmate trust account at the same time he files his notice of appeal.

The Court will enter judgment accordingly.

So ordered.

Dated June 23, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge